Verlan **PINSON, Special Administrator of the Estate of Roscoe Bowman Collins, a/k/a Roscoe B. Collins, Plaintiff,**

v.

**DEPCO, INC.; Hanover Petroleum Company; and Gulf Oil Corporation, jointly and severally, Defendants.**

**No. CIV. 83–5149.**

United States District Court, D. South Dakota, W.D.

Jan. 10, 1985.

Terence R. Quinn, Stephens, Quinn & Buckmaster, Belle Fourche, S.D., Thomas E. Graslie, Buffalo, S.D., for plaintiff.

· Donn Bennett, Max Main, Bennett & Main, Belle Fourche, S.D., for defendants.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

The Defendants have made a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)—Failure to State a Claim and Fed.R.Civ.P. 12(b)(7)—Failure to Join a Party Under Rule 19. The Defendants have also made a motion for partial judgment on the pleadings.

## I.  MOTION TO DISMISS

### A.  Failure to State a Claim

In Count I of the Amended Complaint, the Plaintiff alleges that the Defendants breached their implied covenant of protection not to depreciate the lessor's interest. The issue here is whether the lessor (Plaintiff) must allege and prove that an offset or protection well would have been profitable in an action against a lessee (Defendants) where the lessee is also the lessee of the adjoining tract on which the allegedly draining wells are located. In other words, the Defendants wish to apply the reasonable prudent operator doctrine. This doctrine states, "that it is the duty of the lessee to prevent substantial drainage of oil or gas from the leased land, when an offset well could be drilled which would produce oil or gas in paying quantities." *Cook v. El Paso Natural Gas Co.*, 560 F.2d 978, 984 n. 1 (10th Cir.1977).

There is a split of authority on this issue. Hemingway, *Law of Oil and Gas*, § 8.7. This Court chooses to follow the more enlightened view and hold that

the reasonably prudent operator doctrine does not apply where the lessee is also the lessee of the alleged draining tract. *Cook*, 560 F.2d at 982–984. This additional element of proof, would impose an unreasonable burden on such a lessor. This is a diversity case, and this Court concludes that the South Dakota Supreme Court would also follow this view. *CIR v. Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Therefore, the Defendants 12(b)(6) motion will be denied.

### B. Failure to Join Party Under Rule 19

The Defendants allege that William C. Kirkwood should be joined as a party defendant. Kirkwood owns all the operating rights and working interests in the West Half of Section 15. (The Plaintiff owns the Northwest Quarter of Section 15). Kirkwood obtained these rights as a result of a Farmout Agreement and a Partial Assignment of Oil and Gas Leases between Kirkwood and the Defendants.

■ Upon examination of the pleadings and briefs in this matter, as well as the applicable standards set out in Fed.R.Civ.P. 19(a), this Court concludes that the Defendants have failed to allege sufficient facts to sustain their burden that Kirkwood should be joined as a party defendant under Rule 19(a). Therefore, their Fed.R.Civ.P. 12(b)(7) motion will be denied.

## II. PARTIAL JUDGMENT ON THE PLEADINGS

### A. Punitive Damages

■ The Defendants have moved for partial judgment on the pleadings on the Plaintiff's claim for punitive damages, on the grounds that punitive damages are barred by SDCL 21–3–2. SDCL 21–3–2 bars punitive damages for contract actions. However, in Count II, the Plaintiff appears to have alleged a cause of action based on either fraudulent drainage or tortious breach of contract. Therefore, the Defendants motion for partial judgment on the pleadings on this issue is denied. Although Count I and Count II may be inconsistent, the Plaintiff can plead inconsistent claims under Fed.R.Civ.P. 8(e).

### B. Statute of Limitations

The Defendant alleges that the Plaintiff's right to maintain this action for the time period prior to November 7, 1977 is barred by SDCL 15–2–13. SDCL 15–2–13 provides for a six year statute of limitations. The Plaintiff alleges that this action is controlled by SDCL 15–2–8(4), which provides for a ten year statute of limitations. Alternatively, the Plaintiff alleges he is entitled to an extra year under SDCL 15–2–26.

■ The Court concludes that SDCL 15–2–8(4) does not apply, and that the proper statute of limitations is six years, because it appears at this point in time, that the Plaintiff's action is based on contract and fraud. SDCL 15–2–13. SDCL 15–2–26 does not extend the Statute of Limitations to seven years. 51 Am.Jur.2d Limitation of Actions § 195.